UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal Number: 08-063 (RBW) |
| v. : | |
| : | VIOLATIONS: 18 U.S.C. §§ 1343, |
| : | 1028A (Wire Fraud and |
| ROBERT G. DAVIS, : | (Aggravated Identity |
| : | Theft) |
| Defendant. : | |

GOVERNMENT'S SUBMISSION TO THE COURT
IN PREPARATION FOR THE PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.      ELEMENTS OF THE OFFENSES:

A)      The essential elements of the offense of Wire Fraud, in violation of 18 U.S.C. § 1343, are:

    1.  that the defendant, Robert G. Davis, knowingly devised or knowingly participated in a scheme or artifice to obtain money or property by means of false or fraudulent pretenses, representations, or promises as detailed in the attached Statement of Offense (Exhibit 1);

    2.  that the pretenses, representations, or promises were material, that is, it would reasonably influence a person to part with money or property;

    3.  that the defendant, Robert G. Davis, did so with the intent to defraud; and

    4.  in advancing, or furthering, or carrying out this scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises,

the defendant, Robert G. Davis, used or caused interstate wire communications to be used.

B) The essential elements of the offense of Aggravated Identity Theft,[1] in violation of 18 U.S.C. § 1028A, are:

1. that the defendant, Robert G. Davis, in relation to a specific felony violation, to wit Wire Fraud, knowingly transferred, possessed or used without lawful authority, a means of identification of another person; and

2. The defendant knew that the "means of identification of another person" that was transferred, possessed, or used in relation to a specific felony violation, to wit Wire Fraud, belonged to another person.

II. STATUTORY PENALTIES:

A) <u>Wire Fraud</u>

Pursuant to Title 18 U.S.C. § 1343, the maximum sentence that can be imposed in connection with the Wire Fraud charges is twenty (20) years of imprisonment and a fine of $250,000 or a fine of twice the pecuniary gain or loss under Title 18, United States Code, Section 3571(d). Furthermore, the defendant may be subjected to a three-year term of supervised release, and a mandatory special assessment of $100. 18 U.S.C. § 3583(b)(2).

B) <u>Aggravated Identity Theft</u>

Pursuant to Title 18 U.S.C. § 1028A, the mandatory-maximum sentence, and mandatory-

---

[1] See <u>United States v. Villanueva-Sotelo</u>, 515 F.3d 1234, 1246 (D.C. Cir. Feb 15, 2008). As of the date of this filing, the United States has not yet determined whether it will seek further review of this decision before the Circuit *en banc* or the United States Supreme Court. In any event, the defendant's statement of offense in this case meets both elements.

minimum sentence, that can be imposed in connection with the Aggravated Identity Theft charges is two (2) years imprisonment. The two (2) years sentence of imprisonment may run concurrently to the sentence imposed by the Court on the Wire Fraud if, and only if, the Court sentences the defendant on both charges at same time. See 18 U.S.C. § 1028A(b)(4).

III.     PLEA AGREEMENT

The parties have entered into a written plea agreement, which is attached at Exhibit 2.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____
TEJPAL S. CHAWLA
Assistant United States Attorney
Fraud and Public Corruption Section
D.C. Bar No. 464012
555 4th Street, N.W., Room 5840
Washington, DC 20530
(202) 353-2442



U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

**March 3, 2008**

**VIA FACSIMILE AND FIRST CLASS MAIL**

David Bos, Esq.
Assistant Federal Public Defender
Federal Public Defender for the District of Columbia
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

      Re:   **Robert Davis**

Dear Mr. Bos,

     This letter sets forth the full and complete plea offer to your client, Robert Davis, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on March 12, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

    **A.**   **Charges and Statutory Penalties**

     Your client agrees to waive indictment and plead guilty to one count of **Wire Fraud** in violation of Title 18 U.S.C. Section 1341, and one count of **Aggravated Identity Theft** in violation of Title 18 U.S.C. Section 1028A, as stated in the attached criminal Information.

     Your client understands that pursuant to Title 18 U.S.C. Section 1341, **Wire Fraud** carries a maximum sentence of thirty (30) years of imprisonment, a fine of $ 1,000,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three (3) year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Your client also understands that **Aggravated Identity Theft** carries a mandatory-minimum sentence of two (2)

years of imprisonment.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

**B.    Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**C.    Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2007 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

1.    **Offense Level under the Guidelines**

Your client understands that the sentences in this case for Wire Fraud and Aggravated Identity Theft will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

a.    **Applicable Guidelines**

The following Guideline Sections apply to this case:

**§2B1.1-Wire Fraud**
(a) Base Offense Level                                                     7
(b) Specific Offense Characteristics
    (1) Intended loss more of $120,000 < $200,000              +10
    (2) Over 50 victims                                                       +4
    (4) Trafficking in stolen property                                    +2
**§2B1.6**
    Aggravated Identity Theft                                        0 (but see below)

2

§3A1.1
    Vulnerable victim (FEMA applicants)     +2
§3B1.3
    Abuse of a position of trust     +2

**TOTAL**     <u>27</u>

<u>Acceptance of Responsibility: 3-point reduction</u>: Provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b)

In accordance with the above, the applicable Guidelines Offense Level for the Wire Fraud charge is 24.

In addition to being sentenced for Wire Fraud, your client understands that by pleading guilty to Aggravated Identity Theft under 18 U.S.C. §1028A, the Court must impose a mandatory-minimum sentence of 24 months incarceration. You client understands that this sentence is also consistent with the applicable Sentencing Guideline for Aggravated Identity Theft, §2B1.6. Your client also understands that the Court may, in its discretion, impose this additional 24 months incarceration concurrently or consecutively to any sentence on the Wire Fraud charge.

2.     <u>Criminal History Category</u>

Based upon the information now available to this Office (including representations by the defense), your client has a criminal history, including a felony conviction for Grand Theft in Maryland in 2002.

In accordance with the above, we believe at this time that your client's **Criminal History Category is I**.

3.     <u>Applicable Guideline Range</u>

Based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range is <u>51 to 87 months</u> (the "Stipulated Guidelines Range"). The high end of this guideline range is calculated by adding 24 months to the high end of the guideline range for offense level 24, criminal history category I (63 months). In addition, the parties agree should the Court impose a fine, at Guidelines level 24, the applicable fine range is

3

$10,000 to $100,000.

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted.

D. <u>Agreement as to Sentencing Allocution</u>

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, cognizant of the mandatory-minimum 24 month sentence in 18 U.S.C. §1028A, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a). The parties further acknowledge that the Court may, in its discretion, sentence the defendant concurrently or consecutively on the wire fraud and aggravated identity fraud charges.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

E. <u>Court Not Bound by the Non-Mandatory Sentencing Guidelines</u>

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

F. <u>Restitution</u>

In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Your client agrees to pay approximately $48,765.80 in restitution to the several victims in the case, which include: GE Money Bank ($10,188.05), Home Shopping Network ($6,669.79), Shop NBC ($7,705.29), and Swiss Colony ($20,918.65). Restitution is payable immediately unless ordered otherwise by the Court.

4

### G. Appeal Waiver

Your client is aware that federal law, specifically 18 U.S.C. §3742, affords your client the right to appeal his sentence. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. §3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. §3553(a). Further, your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. §2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### H. Release/Detention

Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

### I. Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f)

5

and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

J.  **Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

K.  **Waiver of Right to DNA Testing**

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

L.  **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements,

6

promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A. Taylor /SD*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Tejpal S. Chawla
Assistant United States Attorney

7

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, David Bos, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 3.13.08

_____
Robert Davis
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the eight pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 3.13.08

_____
David Bos, Esquire
Attorney for the Defendant

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| v. | : | Magistrate Case No. 08-MJ- |
| ROBERT G. DAVIS, | : | VIOLATIONS: 18 U.S.C. § 1343; 18 U.S.C. § 1028A (Wire Fraud and Aggravated Identity Theft) |
| Defendant. | : | |

### STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Crim. P. 11, the defendant, Robert G. Davis, under penalty of perjury, agrees and stipulates, to the following facts in connection with his plea of guilty to one count of 18 U.S.C. §1343 (Wire Fraud) and one count of 18 U.S.C. §1028A (Aggravated Identity Theft).

#### Background

At all times relevant to this offense the defendant, Robert G. Davis ("Davis") was a resident of the District of Columbia, living at ▮▮▮▮ Street, S.E., Apartment ▮▮▮ Washington, D.C. The defendant's home phone number was (202) ▮▮▮▮▮▮▮.

#### Theft of Personal Identification Information by False Pretenses

Between December 2003 and November 2007, DAVIS worked in a number of jobs where he had access to confidential and personal identifying information of various persons, including their occupations, credit histories, social security numbers, dates of birth, address and telephone numbers. In this period of time, DAVIS was employed by a number of different employers in the Metropolitan Washington D.C. area, including several mortgage companies and the Federal Emergency Management Association (FEMA), which is a part of the U.S.

Department of Homeland Security. While an employee at these jobs, DAVIS obtained, copied, and secured the personal and confidential identification information of over 200 persons, including their social security numbers, dates of birth, addresses and other identifying information (collectively, "ID Theft Victims") without their permission, or the permission of his employer. The ID Theft Victims provided their personal security information to DAVIS' employers to apply for mortgages, or to obtain assistance from FEMA because they were victims of a natural disaster. In at least three instances, DAVIS, as a employee of FEMA, knowingly stole identifying information from ID Theft Victims who had sent their information to FEMA in 2004 to apply for disaster relief due to hurricane damage they had incurred.

When DAVIS stole this personal information from the ID Theft Victims and his employers, he wrote their personal information in note books, or made copies of their applications containing the personal information of the ID Theft Victims, and maintained these records at his home in the District of Columbia. During a search warrant conducted at DAVIS' home on December 4, 2007, the U.S. Secret Service recovered the personal information of over 200 ID Theft Victims' in various notebooks, papers, and business records in DAVIS' home, as well as order slips, packages, catalogues, and receipts in the names of the ID Theft Victims.

Fraudulent Use of Identifying Information to Obtain Credit and Property

Between December 2003 and November 2007, DAVIS would use the confidential and personal identifying information that he had stolen to open credit accounts with various companies, including The Home Shopping Network (HSN), Ginny's Inc., Shop NBC, QVC, Inc. (collectively, "Victim Companies"). DAVIS would place telephone calls to these companies which operate outside the District of Columbia from his home phone in the District of Columbia

2

to establish these credit accounts and to order items from the Victim Companies on these accounts. Using the personal identification information he had stolen from the ID Theft Victims, DAVIS would open credit accounts with the Victim Companies in the names of the ID Theft Victims, and then order and purchase items using the account information, and have the items shipped to his address, or other addresses near where he lived so that he could intercept or receive the shipments.

Between December 2003 and November 2007, DAVIS used over 74 different ID Theft Victims' identification to open fraudulent accounts with the Victim Companies, and made hundreds of telephone calls to the Victim Companies to open accounts, order merchandise, and check on the status of deliveries. DAVIS monitored the credit extended by the Victim Companies on each account, and he would open new accounts if a credit account was over-extended or if credit was denied to that account. Many of the Victim Companies used GE Consumer Finance, Inc., d/b/a GE Money, to create and extend credit on their accounts, and the defendant opened most of his accounts with the Victim Companies through GE Money. Dozens of the phone calls placed by DAVIS were recorded by the Victim Companies, and these telephone calls are DAVIS' voice and were dialed from the DAVIS' home telephone. Between December 2003 and November 2007, DAVIS opened fraudulent accounts at the Victim Companies in the names of ID Theft Victims in excess of $156,257. During the same period, DAVIS fraudulently obtained dozens of items from the Victim Companies through this scheme and artifice, including: gold and diamond jewelry, designer watches, digital cameras, DVD's, Dyson vacuum cleaners, gourmet food (including steaks, lobster, and seafood), lingerie, clothing, jackets, DVD players and other electronic items. When ID Theft Victims whose identifications were used to open accounts at the Victim Companies were contacted about this

activity, the confirmed that they did not know DAVIS or authorize anyone to order these items from the Victim Companies.

### Defendant's Sale of Fraudulently Obtained Property to Pawnshops

Between December 2003 and November 2007, DAVIS pawned numerous items that he fraudulently obtained from the Victim Companies using ID Theft Victims' information to area pawnshops, including Famous #1 Pawnbrokers in Wheaton, Maryland. In that time, DAVIS pawned hundreds of items of fraudulently obtained property and obtained over $24,084 in cash from the pawnshops. When DAVIS pawned items, he knew that he was obtaining far less money from the pawnbrokers for the goods or property than the items were actually worth. When DAVIS pawned the items to the pawnbrokers, he knew the items were fraudulently obtained, but he did not provide that information to the pawnbrokers.

Date: 3.13.08

ROBERT G. DAVIS
Defendant

I have read each of the four pages constituting this statement of offense and reviewed and discussed them with my client.

Date: 3.13.08

DAVID BOS, ESQUIRE
Attorney for the Defendant

4